# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **STEVEN HUERTAS VIDAL,** | **Case No. 25–cv–12391–ESK–EAP** |
| **Plaintiff,** | |
| v. | |
| **HUDSON COUNTY DEPARTMENT OF CORRECTIONS REHABILITATIONS CENTER,** *et al.*, | **OPINION** |
| **Defendants.** | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Steven Huertas Vidal's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Amended Complaint). (ECF No. 7.) Because plaintiff has been granted *in forma pauperis* status, I must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Amended Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a pretrial detainee located in the Hudson County Jail (Jail). (ECF No. 7 p. 3.) He states that he broke his leg on February 11, 2025 after he slipped during a fight with another detainee. (*Id.* p. 7.) He was taken to the medical unit for evaluation and transferred to the hospital for further treatment. (*Id.* p. 8.) The hospital performed emergency surgery and gave

plaintiff painkillers. (*Id.*) Plaintiff returned to the Jail that evening and was placed into the medical unit. (*Id.*)

Plaintiff asserts that the staff did not give him the "right attention" in the medical unit. (*Id.*) Plaintiff alleges that staff took him to the Jail's personal clinic instead of the hospital to remove the staples. (*Id.*) He states they made him start walking on his leg before he started physical therapy, which he was only given three times, and switched him to a walker from a wheelchair. (*Id.* pp. 8, 9.) Plaintiff asks the court to release him from jail and award him $2,000,000. (*Id.* p. 5.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v.*

*Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III.  DISCUSSION

Plaintiff has not stated a claim for denial of medical care.  Claims by pretrial detainees for failure to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]"  *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  "In order to sustain this claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (footnote omitted) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  The Third Circuit has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal citations omitted).

Plaintiff argues that the Jail did not provide him the "right" treatment, but disagreements over medical judgment or treatment cannot form the basis of an Eighth Amendment claim.  Courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment."  *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).  As a result, allegations

of medical malpractice or negligent treatment do not rise to constitutional violations. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

Jail staff treated plaintiff's injured leg, and plaintiff's personal opinion that he was not given the "right attention" is insufficient to state a claim of deliberate indifference *See, e.g.*, *Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (explaining that allegations of negligent diagnosing and treatment, and mere disagreement as to proper medical treatment do not raise a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) (affirming dismissal of a complaint, "[b]ecause a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation"); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Where a "prisoner has received some medical attention and the dispute is over the adequacy of treatment" courts should not "second guess medical judgments and … constitutionalize claims which sound in state tort law." *U. S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed second amended complaint. The proposed second amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed second amended complaint within 45 days of the accompanying order will

convert the order into a dismissal of all claims with prejudice without further action by the Court.[1]

## IV.  CONCLUSION

For the reasons stated above, I will dismiss the Amended Complaint without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff may submit a proposed second amended complaint within 45 days.  An appropriate Order accompanies this Opinion.

/s/ Edward S. Kiel
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2025

---

[1] Plaintiff should note that I cannot order his release from custody in a civil rights action.  That kind of relief is only available in a habeas corpus action.  *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) ("[W]here the deprivation of rights is such that it necessarily impacts the fact or length of detention … the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief.")